IN RE ESTATE OF FREDERICK A. SASSE.

WILLIAM SASSE ET AL., APPELLEES, v. MARIE SASSE, APPELLANT.

FILED MAY 17, 1913. No. 17,215.

1. Executors and Administrators: PAYMENT OF DEBTS: SALE OF REALTY. If there are collectible personal assets belonging to the estate of a deceased person sufficient to pay all of his debts, the

district court has no authority to order the sale of any portion of his real estate for that purpose.

2. **Wills:** CONSTRUCTION: PAYMENT OF DEBTS. Will of the decedent examined and construed, certain of its provisions set out in the opinion, and *held* to create a fund, available to the executors, of more than a sufficient amount to pay all of the debts of the testator.

APPEAL from the district court for Stanton county: GUY T. GRAVES, JUDGE. *Reversed and dismissed.*

*W. W. Young* and *G. A. Eberly,* for appellant.

*Eberhardt & Horton* and *A. R. Oleson, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Stanton county, granting to the executors of the will of Frederick A. Sasse, deceased, a license to sell certain real estate, of which he died seized, for the payment of his debts.

It appears, without dispute, that on the 7th day of December, 1894, Frederick A. Sasse made a will, wherein he devised certain land to his three sons, and the residue of his estate he devised and bequeathed to his several children, share and share alike. On the 18th day of August, 1896, Sasse executed conveyances to his three sons for the real estate which he had devised to them by will, and took from them certain contracts by which they each agreed to pay him the sum of $1,200, to be distributed according to his will in case he died testate, but, in case he should leave no will, the money which they were to pay his estate was to be distributed "to his present heirs and their legal representatives." No other will was made by him. On the 15th day of June, 1908, Sasse died, and the will above mentioned was presented for probate. The will was contested by his widow, a second wife, whom he had married after his will was executed. On appeal to the district court the will was admitted to probate, subject to the

44

statutory property rights of the widow. During the year in which the contest proceedings were pending, there was no administrator or executor appointed, and the estate so remained until the 7th day of August, 1909, when the present executors were appointed and qualified. During the time of the contest, the real estate involved in this proceeding was in the possession of Gustav Sasse, one of the sons of the deceased, who had been the tenant thereon for a number of years, and who claimed he was authorized to make certain improvements on the premises and apply the same in payment for the rent. He continued as tenant after the death of his father, and remained such until March 1, 1910. He now claims that he expended the sum of $400 for improvements on the premises, which he insists he has the right to set off against the rent due the estate.

At the time of the death of Frederick A. Sasse he was the owner of a farm consisting of 120 acres of land situated in Stanton county, together with lots 1, 2 and 3, in block 48 of the original town of Stanton, on which was situated a dwelling-house, occupied at that time as a homestead, which property was not disposed of by his will. The farm land above mentioned was incumbered by a mortgage of $800, bearing interest at 5 per cent. from July 1, 1908, payable semi-annually. It appears that the amount due on the mortgage was not filed as a claim against the estate. The town property was clear of incumbrance, and has been occupied since the death of the testator by his widow as her homestead. The farm was rented for the year ending March 1, 1909, to Gustav Sasse, from whom there was a balance of $40 due as rent, and which has never been paid. The farm was rented for the year ending March 1, 1910, at a rental value of $360. For the year ending March 1, 1911, it was occupied by Herman Sasse at an agreed rental value of $360, and at the time of the commencement of this proceeding it was still occupied by him as a tenant, for the year ending March 1, 1912, at an agreed rental value of $360, and no part of the rents above mentioned have been paid.

It appears that the executors have made no effort to collect the rent, and it is contended by the appellant that the rents alone, which should have been collected, amount to $1,120. In addition to the rent due the estate, Herman and William Sasse, the executors, and their brother Ernest, were each indebted to the estate in the sum of $1,200, with interest at the rate of 7 per cent. from June 15, 1909, secured by mortgages, according to the contracts made between them and their deceased father, as above stated. No attempt whatever has been made by the executors to collect the amounts so due on said contracts, nor has any portion thereof been paid. Under these circumstances the executors of the will applied for, and received, a license from the judge of the district court for Stanton county to sell that portion of the real estate, designated as the 120-acre farm, for the alleged purpose of paying the debts of the deceased, which amount to about $1,200. From the order of the district court granting the license above mentioned, the widow has appealed.

The widow contends that the money due from Gustav, Herman and Ernest Sasse belongs to the estate of her deceased husband, and so much thereof as may be necessary should be used for the payment of his debts; that the executors, who are the sons of the deceased, are unlawfully proceeding to sell the land in question for the purpose of depriving her of her share of the estate, and are seeking to thus increase their own distributive portions thereof; while the executors claim that the money due from the sons of the testator belongs to and should be retained by them. The determination of this question requires a construction of a portion of the will, and it is conceded by all parties that if the sums of money above described belong to the estate, and are available for the payment of the debts of the testator, the judgment of the district court should be reversed and the proceeding dismissed. By the first clause of the will it is provided: "I direct that my funeral charges, the expense of administering my estate, and all of my debts be paid out of my per-

sonal property. If this be insufficient, I authorize my executors hereinafter named to sell so much of my real estate as may be necessary for that purpose." By the third clause of the will it is provided: "I give and bequeath to my son, William Frederick August Sasse, the following described real estate, to wit: The south half of the northeast quarter and the northwest quarter of the southeast quarter and the southeast quarter of the northwest quarter all in section seven in township number twenty-two north, range number three east in Stanton county, Nebraska, and the said William Frederick August Sasse is to be charged with the sum of one thousand eight hundred dollars, and after deducting from said sum the amount due him under the general distribution as hereinafter set forth, the balance, if there be any, shall be paid by him to my executors within a reasonable time after the amount is ascertained and determined." The other subdivisions of the will, devising certain lands to Herman and Gustav, the other sons of the deceased, are the same, in substance, as the one above quoted. By the seventh clause of the will it is provided: "I give and bequeath all the residue of my estate, real and personal, to my children, William Frederick August Sasse, Herman Sasse, Ernest Sasse, Gustav Sasse, Amelia Sasse, and Minnie Mason, share and share alike as tenants in common to be to them as herein directed. In case any of my children shall die in my lifetime leaving issue or descendants, I direct that his or her share shall not lapse, but shall be paid to such descendants in equal proportions." By the eighth clause of the will it was further provided: "The amount due to my sons hereinbefore mentioned shall be deducted from the amount due for the lands hereinbefore bequeathed, and the sum due to Amelia Sasse shall be paid to her within a reasonable time after my decease, and for the welfare and protection of my daughter, Minnie Mason, I direct that her share in my estate shall be placed in the hands of a trustee to be appointed by the county court of Stanton county, who shall give a good and suffi-

cient bond for the custody and investment of the funds, and the interest shall be paid to her as long as she shall live as the wife of her present husband, A. C. Mason. In case of the death of her said husband, then and in that case, the entire sum shall be paid to her, and in case of her death occurring prior to that of her husband, then the said sum or share shall remain in trust for her children, if they shall survive her."

Construing the portions of the will above quoted, with all of its other provisions, we are of opinion that, by the payment of the sums of money due from his three sons, it was the intention of the testator to create a fund available to his executors for the payment of his funeral charges, his debts, and the expense of administering his estate. The remainder of the funds, together with his property undisposed of at the time of his death, was to be divided equally between his children share and share alike. Any other construction of the will would deprive the daughters of the testator of any considerable portion of his estate. It evidently was his intention to require the sons to pay over to the executors so much of the money secured by their contracts as would be necessary to pay his funeral charges, his debts, and the expense of administration, and the distributive share belonging to his two daughters. Each of the sons was to be allowed to retain such remainder of the fund, if any, as would amount to his distributive share of the estate. By adopting this construction of the will, it appears that there was available to the executors a fund amounting to about $4,500 for the payment of the debts of the testator, which it is conceded were only about $1,200 at the time the district court made the order to sell the farm belonging to his estate.

It follows that the order for the sale of the land in question should not have been granted. The judgment of the district court is therefore reversed, and the proceeding is dismissed.                REVERSED AND DISMISSED.

REESE, C. J., FAWCETT and SEDGWICK, JJ., concur.

LETTON, ROSE and HAMER, JJ., not sitting.